402 of the Tariff Act of 1930, the proper basis for the determination of the value of the involved merchandise to be the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, and that such value is the entered value.

I further find, insofar as the appeal relates to the valuation of the involved merchandise under the provisions of the Antidumping Act of 1921, that the values found by the appraiser under said Antidumping Act of 1921 should be and the same are hereby vacated and set aside.

Judgment will be rendered accordingly.

DECAL PRODUCTS CO. *v.* UNITED STATES

AND

UNITED STATES *v.* DECAL PRODUCTS CO.

**No. 5894.**—Invoices dated Hofgohlenau, Germany, April 1, 1938, etc.
Certified April 2, 1938, etc.
Entered at New York, N. Y., April 13, 1938, etc.
Entry. No. 111554, etc.

(Decided on remand (Reap. Dec. 5727) June 22, 1943)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the importer.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the United States.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, that the appeals to reappraisement set forth in schedule A, which schedule is made a part of this stipulation, cover decalcomanias which were exported from Germany, and that the merchandise and the issues involved in the reappraisements set forth in schedule A are the same in all material respects as the merchandise and issues involved in *United States* v. *R. Gaertner & Co., Inc., et al.,* Reap. Dec. 5727; that the merchandise covered by the appeals to reappraisement set forth in schedule A was at the time of exportation thereof, sold and freely offered for sale in Germany to all purchasers in the ordinary course of trade, packed ready for shipment, in the usual wholesale quantities, in the principal markets of Germany, for exportation to the United States, at the values at which said decalcomanias were entered, less any additions made by the importer because of advances made by the appraiser in similar cases then pending on appeal to reappraisement.

It is further stipulated and agreed that the record in Reap. Dec. 5727 be incorporated herein; and the said reappraisement appeals are hereby submitted upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values, less any additions made by the importer because of advances made by the appraiser in similar cases then pending on appeal to reappraisement.

Judgment will be rendered accordingly.

COMMERCIAL DECAL PRODUCTS, INC., ET AL. *v.* UNITED STATES

**No. 5895.**—Invoices dated Lindenruh, Germany, May 31, 1939, etc.
Certified June 1, 1939, etc.
Entered at New York, N. Y., June 13, 1939, etc.
Entry No. 857451, etc.

(Decided June 22, 1943)

*Strauss & Hedges* (*Eugene F. Blauvelt* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between the attorneys for the parties hereto, that the appeals to reappraisement set forth in schedule A, which schedule is made a part of this stipulation, cover decalcomanias which were exported from Germany, and that the merchandise and the issues involved in the reappraisements set forth in schedule A are the same in all material respects as the merchandise and issues involved in *United States* v. *R. Gaertner & Co., Inc., et al.*, Reap. Dec. 5727; that the merchandise covered by the appeals to reappraisement set forth in schedule A was at the time of exportation thereof, sold and freely offered for sale in Germany to all purchasers in the ordinary course of trade, packed ready for shipment, in the usual wholesale quantities, in the principal markets of Germany, for exportation to the United States, at the values at which said decalcomanias were entered, less any additions made by the importer because of advances made by the appraiser in similar cases then pending on appeal to reappraisement.

It is further stipulated and agreed that the record in Reap. Dec. 5727 be incorporated herein; and the said reappraisement appeals are hereby submitted upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the entered values, less any additions made by